## DAVIS & AL. vs. TAYLOR,

APPEAL from the court of the parish and city of New-Orleans.

If A recovers money for the use of B, it cannot be attached as the property of A.

MARTIN, J. delivered the opinion of the court. Two of the plaintiffs had given their respective notes to the defendant, not payable to order or bearer: he assigned them to Arnold, who recovered judgments in suits brought in the name of Taylor, for the use of Arnold. The plaintiffs afterwards attached the amount of these judgments, and obtained an injunction in the present suit. The parish court dismissed the suit and dissolved the injunction, on the attorney (appointed by the court for the defendant) showing that the latter was not in court, no property of his being attached; Arnold having intervened and claimed the right attached as his own, the plaintiffs appealed.

East'n. District.
*January*1826.

DAVIS & AL.
*vs.*
TAYLOR.

Their counsel contends, that the notes not being negotiable, any defence proven against the payee, is good against the assignee; that assignment vested no right in the assignee, as to third persons, till notice to makers; the suit was improperly dismissed, on a rule on which the merits of the case, could not be gone into.

Arnold's claim does not now rest on the notes; these were merged in the judgment; his claim is *res judicata.* Before judgment, it might have perhaps been objected that the makers had no notice, if the suits themselves were not notice, but it is now too late. In a suit by A. for the use of B. the latter is the real plaintiff, of whom the court and defendant are bound to take notice.

Proceedings in attachment can well be stayed on a rule to show cause by showing the absence of any property of the defendant, under the control of the court. In examining the suggestion, the court does not go into merits, because it does not examine either the claim of the plaintiff, nor the defendant's liability.

It is therefore ordered, adjudged and de-

DAVIS & AL.
*vs*
TAYLOR.

creed, that the judgment of the parish court be affirmed with costs.

*Carleton* & *Lockett* for the plaintiffs, *McCaleb* & *Byrnes* for the defendant.